## PETER FISCHER v. ANNIS & ROHLING COMPANY AND ANOTHER.
## FIRST NATIONAL BANK OF HANSKA, APPELLANT.[1]

October 5, 1923.

No. 23,509.

Intervener not entitled to be subrogated to mortgagee's right of performance.

  1. Evidence considered and *held* not sufficient to entitle intervener to be subrogated to the right of performance, acquired by the mortgagee, under the mortgage in controversy.

To be so entitled, it must comply with terms of agreement.

  2. Intervener, to whom plaintiff was indebted, undertook the procuring of a mortgage loan for plaintiff upon his farm. The mortgage was duly executed and recorded, but the loan was thereafter rejected. To entitle intervener to be subrogated to the right of performance, it must, within a reasonable time and before conditions have materially changed, comply with the terms of the agreement to procure the loan, or offer so to do.

[1]Reported in 195 N. W. 286.

Action in the district court for Brown county to cancel a mortgage for $10,000. The case was tried before Olsen, J., who made amended findings and ordered judgment in favor of plaintiff. From an order denying its motion for amended findings and conclusions or for a new trial, intervener appealed. Affirmed.

*Mueller & Streissguth,* for appellant.

*Somsen, Dempsey & Flor,* for respondent.

QUINN, J.

Plaintiff brings this action to have canceled of record a mortgage for $10,000 upon a farm of 159 acres, which he owns and upon which he resides, dated August 15, 1921. In its final order the trial court directed judgment as asked for in the complaint. From an order denying its motion for a new trial, the intervener appealed.

In April, 1921, there were 2 mortgages, aggregating $6,200, upon plaintiff's farm. He was also indebted to the First National Bank of Hanska on several promissory notes approximating $3,000. Each of these obligations was past maturity. The bank was insisting upon payment of its notes. Thereupon plaintiff applied to the bank to assist him in procuring a mortgage loan of $10,000 upon his farm, for the purpose of paying the 2 mortgages thereon and his indebtedness to the bank. It was then agreed between plaintiff and the bank that the bank should obtain such loan for plaintiff, and, out of the proceeds, pay the 2 mortgages and retain sufficient to cover its claims and pay the balance to the plaintiff. In order to carry out such agreement, plaintiff made application for such loan through the bank to the Towle Jamieson Company, but the application was rejected by the loan company. In August another application for such loan was made to the defendant, Annis & Rohling Company, of Council Bluffs, Iowa, and presented to its traveling representative. The plaintiff and his wife then executed a mortgage for $10,-000 to said Annis & Rohling Company and delivered the same to the bank, for the purpose of completing such loan. The bank caused the mortgage to be duly recorded and then delivered same to the representative of the loaning company. These papers were afterwards

lost and never reached the loaning company. As a result the loan was never completed and no money was ever paid thereon.

During the pendency of such application, and in reliance upon the agreement of plaintiff that the notes held by the bank should be paid out of the proceeds of such loan, the bank extended the time of payment of such indebtedness, and took new notes therefor, and also advanced to plaintiff $160, taking his notes therefor. Thereafter, but prior to the commencement of this action in November, 1921, plaintiff and his wife mortgaged the land for the sum of $4,500 to one J. H. Vogel, which mortgage was duly recorded on October 7, 1921. Thereafter judgments amounting to approximately $2,000 were entered against plaintiff, all of which mortgages and judgments remain as liens upon plaintiff's farm. Subsequently plaintiff, through his attorneys, demanded of the defendant loaning company a satisfaction of said mortgage given to it for $10,000, and on November 3, 1921, said company rejected plaintiff's application for such loan and executed and delivered to the bank a satisfaction of said mortgage. The bank has ever since refused to deliver to plaintiff or to record such satisfaction. Prior to the commencement of this action, the bank offered to complete said loan, but the offer was not accepted by the plaintiff.

The trial court found, in effect, that whatever promises were made by plaintiff for payment or security of the bank's claims against him, were made conditional on his securing the loan applied for, and that such loan not having been made within a reasonable time, and conditions having materially changed, the plaintiff was no longer bound thereby, and the offer of the bank to furnish the money and complete the loan came too late, and was not in compliance with the agreement. Therefore the trial court ordered judgment in favor of the plaintiff as asked for in the complaint.

The trial court was right in its final conclusions. To entitle the intervener to subrogation, the agreement should have been promptly carried into effect and the loan applied for, completed. The agreement was, as the trial court found, that the bank should obtain the loan, and, out of the proceeds, pay and take up the 2 mortgages, receive payment of its claim and pay the balance, if any, to the plaintiff. This it did not do.

It is argued that the plaintiff is estopped from asserting that the mortgage in question is without consideration. He had done nothing to prevent intervener from completing the loan asked for, but had complied with every requirement on his part in relation thereto. The mortgage in question was duly recorded on August 17, 1921. Subsequent thereto the mortgage to Vogel was given. Suits were brought and judgments were entered, but none of these matters in any way interfered with the priority of the lien created by the mortgage in question. None of these matters furnished any proper excuse for the refusal of the defendant to make the loan, or of the intervener to complete the same as it now says it was willing to do. It may be conceded that the defendant had the right to accept the mortgage and make the loan and that the intervener might have been subrogated to the right of performance. However, it appears that the defendant refused to make the loan, and the intervener, on October 28, notified the plaintiff, in writing, that it was ready to complete the loan for $10,000, upon his tendering to it releases of the two mortgages that were on the land prior to the recording of the mortgage in question. Such offer was not in accordance with the agreement between plaintiff and the bank, and is not sufficient to give to the bank the right of subrogation.

Affirmed.